<div style="float:right">PACKWOOD<br>v.<br>DORSEY.</div>

concluding a party for ever by fixing absolutely a term during which only his rights can be exercised, and a disposition to avoid such a result.

In the jurisprudence of France, we have found no case in which a decree of this kind has been rendered against a party.

It seems to us that it is impossible to carry out the law Diffamari in its extension to all cases as maintained by the spanish writers, and the safest rule for us is to adhere to its original intendment and policy. In an action for the slander of title to property we see no reason why a judgment shounld not be rendered, ordering the defendent to institute his suit in order to establish his asserted pretensions to the property which he may set up. This judgment will stand to the plaintiff as a perpetual default of the defendant. But we know of no authority on the part of the court to fix any term, within which the party can be compelled to assert his rights under the penalty of being deprived of them. There are cases in which we have allowed the debtor to become the *actor* in a suit, but we do not consider that those cases affect the question decided in this.

The action for damages to which every one who injures another in his person or estate is liable, will we believe continue to be, as it has been, a sufficient protection for property against slanderers of title. · No damages have been given by the judgment in this case, and none are asked in this court.

We have been referred by counsel to the proceedings in courts of Chancery on bills of peace, but we find nothing in them which supports the part of the decree to which our inquiries have been directed.

The judgment of the District Court so far as it condemns the defendant within one month from date to institute his suit against the plaintiff, or in default thereof to be forever enjoined from making any pretention to said property, we think unauthorized by law.

The judgment of the District Court is, therefore, avoided and reversed; and it is ordered that judgment be rendered for the plaintiff against the defendant, and that the defendant institute the suit by him mentioned in his answer, and pay the costs of this suit, the plaintiff paying the costs of this appeal.

---

## GALBRAITH et al. *v.* DAVIS.

Where, under an agreement to sell merchandize, delivery is obtained by fraudulent pretences, the possessor acquires no interest that can enable a creditor of his, who seizes the property, to hold it against the true owner.

APPEAL from the Fourth District Court of New Orleans, *Strawbridga*, J. The judgment of the lower court in this case, was in these words :

" Without recapitulating the facts it is sufficient to say that, in the cases of *Gasquet* v. *Johnston*, 2 La. 514, and *Parmele* v. *McLaughlin*, 9 La. 436, it has been fully settled that, under a sale of property where delivery has been obtained by fraudulent pretences no such interest passes as enables a seizing creditor to hold against the vendor. The same principle has been recognized in 3 La. 252, 15 La. 350, and is declared to be a rule of the common law, in 3 Kent's Comm. 407. See also *De Wolf's* case, in Mason's Reports.

" To secure the payment of the purchase money in this case, *Davis* deposited with the intervenor a receipt for a bill of lading for seventy-five tons of

GALBRAITH
*v.*
DAVIS.

pork or bacon, lodged in the hands of *Ferriday & Co.* Of the existence of this merchandize there is no other proof than the declaration of *Davis*; and from the testimony touching his actings and doings, I am of opinion it never did exist. If it did, the same proof shows that he diverted it from its destination, and disposed of it elsewhere; and in either case a fraud was perpetrated on the vendor. It is unnecessary to decide in whose possession the property attached was at the time of the seizure. It is, therefore, ordered that the property attached be restored to the intervenor, and that there be judgment in his favor, with costs." The plaintiffs appealed.

*Frazer*, for the appellants, cited 12 Pickering, 76, 81. 13 Ibid. 175. 2 Hall's S. C. R. 587. 1 Greenleaf,378. *Mott*, on the same side. *Preston*, for the intervenor, relied on *Ford* v. *Ford*, 2 Mart. N. S. 574. 9 La. 436. 2 La. 514. 9 Rob. 525. Civ. Code, arts. 2433, 2463, 2464, 2539, 3190, 3196. The judgment of the court was pronounced by

EUSTIS, C. J. For the reasons assigned by the district judge, it is ordered that the judgment of the court below be affirmed, with costs.

...............................................................................

## LANDRY *v.* PETERSON et al.

Where a slave sold on the 5th, was found to be seriously ill of a typhus-fever on the 7th of the month, of which he died on the next day, the disease will be presumed to have existed at the time of the sale, in the absence of evidence that, though subsequently developed, it did not exist at that time. C. C. 2508.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Griffon*, for the plaintiff. *Peyton*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. The object of this action is to get back the price paid to defendants by the plaintiff, for a slave. The slave was bought on the 5th February, and was found to be sick on the afternoon of the 7th. A physician who was immediately called in, pronounced the disease typhus fever. The slave died on the morning of the 8th. The district judge decreed the restoration of the price, and the defendants appealed.

The district judge was satisfied upon the question of identity; and, we think, his opinion was justified by the evidence. The appellants insist, however, that the disease did not exist before the sale; and rely upon the testimony of witnesses who prove that the slave was apparently in good health on the day of the sale, and for some time previously. That the slave was seriously ill on the 7th February, and died on the 8th, is proved. The buyer who institutes the redhibitory action must prove that the vice existed before the sale. But, in certain cases, the buyer is relieved by a legal presumption from the necessity of direct proof. "If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale." Civil Code, 2508. But it is said by the defendants' counsel that the presumption created by the Code is not a conclusive presumption, but one which merely shifts the burden of proof, and may be rebutted by the seller. We do not deem it necessary to decide the point; for, if that interpretation be correct, still the testimony adduced by the defendants is not of such a character as to satisfy the mind that the disease, although subsequently developed, did not exist before the sale.                                        *Judgment affirmed.*